IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NOVA DESIGN BUILD, INC, and ANNEX BUILDERS LLC, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 08 CV 2855 ) |
| GRACE HOTELS, LLC, et al., | ) Judge Der-Yeghiayan ) |
| Defendants. | ) |

**THE LYONS DEFENDANTS' MOTION TO DISMISS COUNTS I, VI AND VII OF COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF**

Defendants Lyons Design Group, Inc. and Adam Lyons ("Lyons Defendants"), by their attorneys, Sabo & Zahn, move to dismiss Counts I, VI and VII of the Complaint for Injunctive and Other Relief ("Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6):

BACKGROUND

This is a refiling of case no. 07 C 6369, which was originally filed on November 9, 2007, and dismissed by Judge Der-Yeghiayan in May, 2008, for lack of jurisdiction. Plaintiffs bring this action as a federal action sounding in copyright against several defendants. According to the Complaint, there is no diversity.

LICENSE

Attached as Exhibit "A" to the Complaint was a contract between Plaintiff Nova and Defendant Grace Hotels ("Contract").[1] At paragraph nine of this Contract, an express license is

---

[1] The Contract, on its face, was drafted by Plaintiff Nova and therefore must be construed against Nova in the case of any ambiguity.

1

conveyed: "The Owner agrees not to use any drawings received from Nova Design Build, Inc., for bidding, permit or construction purposes unless and until Nova Design Build, Inc. is paid in full for all the invoices due for Part 1." The Complaint goes on to admit that Nova was, indeed, paid in full, albeit apparently begrudgingly. See the Complaint, at ¶ 42 ("Nova was ultimately forced to accept $18,000 of the more than $28,000 to which it was entitled."). Thus, according to the Complaint, Grace, as the owner, enjoyed a license to use Nova's drawings to complete the subject project.[2]

The facts alleged here are reminiscent of those in IAE v. Shaver, 74 F.3d 768 (7th Cir. 1996). In Shaver, as here, an architect was hired to prepare drawings for a project. The architect, Shaver, thought he would be hired for the entire project. However, his services were terminated after completion of only part of the project. There was also a fee dispute in Shaver. Notably, however, Shaver was not paid his fee while Nova admits that it was fully paid by way of an apparent accord and satisfaction reached between Nova and Grace. See the Complaint, at ¶ 42. Even more notably, the contract at issue in Shaver made no mention of copyright, while in the instant case an express license was conveyed. Nevertheless, the Shaver court concluded that an implied license existed in favor of the plaintiff owner to use Shaver's design to complete the project, just as the plans here were allegedly used to complete the building originally contemplated on the original site. Because the Defendant developer, Grace, had a license to utilize Nova's design in precisely the manner it was allegedly utilized, the Lyons' Defendants'

---

[2] Further according to the Complaint, Defendant Lyons Design Group was hired by Defendant "Grace and/or Capital" to serve as the project follow-on architect. See the Complaint, at ¶ 50. Defendant Grace is the project developer. See the Complaint, at ¶ 3. Defendant Capital is the project general contractor. See the Complaint, at ¶ 59.

use of said design, if any, was authorized as a matter of law.

## THE ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT

Count VI is based on the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 - 510/7. It alleges that various Defendants, including the Lyons Defendants, "passed-off Nova's copyrighted designs and drawings as their own and/or properly licensed copies . . . ." See the Complaint, at ¶ 94.

Illinois courts resolve unfair competition and deceptive practices claims according to the principles set forth in the Lanham Act. Bob Creeden & Assocs. v. Infosoft, Inc., 326 F.Supp.2d 876, 880 (N.D.Ill. 2004). The Lanham Act imposes liability against a party for any "false designation of origin . . . likely to cause confusion . . . as to the origin . . . of his or her goods, services or commercial activities." 15 U.S.C. §1125(a)(1)(A).

In Dastar Corp. v. Twentieth Century Fox Film Corp., 539 U.S. 23 (2003), Dastar released a video set that was largely based on Twentieth Century Fox's television series that had been released earlier. Dastar had made some minor changes and sold the video set in new packaging. The Supreme Court ruled against the plaintiff on the Lanham Act count, stating that "in construing the Lanham Act, we have been 'careful to caution against misuse or overextension' of trademark and related protections into areas traditionally occupied by patent or copyright." Id. at 34 (quoting TrafFix Devices v. Marketing Displays, 532 U.S. 23, 29 (2001)). Had Dastar merely repackaged the prior work and sold it as its own, there would have been a Lanham Act claim. However, by making modifications, no matter how minor, this passed into the realm of copyright law.

In this case, the Plaintiffs allege that the Lyons Defendants engaged in reverse passing

off, just as in Dastar. They allege that the Lyons Defendants "prepare[d] a modified set" of drawings and passed them off as their own work, even though the Lyons drawings were "the same or substantially similar . . . as Nova's copyrighted drawings." See the Complaint, at ¶¶ 50, 51. Pursuant to Dastar, this count should be dismissed, as Plaintiffs' remedy, if any, must be found in the Copyright Act.

TORTIOUS INTERFERENCE

Count VII is apparently a combined state law claim for both tortious interference with contract and tortious interference with prospective business advantage. The elements of these two actions are set forth in Dry Enterprises, Inc., v. Sunjut AS, 2008 WL 904902, No. 07 C 1657 (N.D.Ill. March 31, 2008) (citations omitted):

> Under Illinois law, the elements of tortious interference with contractual relations are: (1) existence of a contract; (2) defendant's awareness of the contract; (3) intentional inducement of a contract breach; (4) actual breach of the contract; and (5) damages. Similarly, the elements of tortious interference with prospective economic advantage are (1) a reasonable expectation of a future business relationship; (2) defendant's knowledge of that expectation; (3) defendant's purposeful interference by the defendant that prevents the legitimate expectation from becoming a valid business relationship; and (4) damages.

The Complaint admits that payment in full was made. See the Complaint, at ¶ 42. Thus, there was no breach of the Contract. Indeed, the Complaint nowhere alleges that the Lyons Defendants induced a breach of the Contract, intentionally or otherwise. Because the Contract was performed, there was no breach.

Similarly, the elements of tortious interference with prospective economic advantage are not set forth here, even given the liberal federal pleading requirements. There is not even any allegation that the Lyons Defendants knew of any expectation by either Plaintiff, let alone interfered with such expectations. Furthermore, payment was made in accordance with the

Contract.  See the Complaint, at ¶ 42.  Paragraph 100 of the Complaint makes only a general, conclusory allegation that "through their conduct detailed above, . . . Lyons and Lyons Design wrongfully and tortiously induced Grace to breach the Agreement, and wrongfully and tortiously interfered with the Nova's and Annex's respective prospective economic advantages."  However, no such "conduct detailed above" supports this allegation.  In this case, the Plaintiffs have failed even minimally to allege that the Lyons Defendants tortiously interfered with any prospective economic advantage.

## CONCLUSION

The Defendants have a license to use Nova's drawings to complete the project in question pursuant to the law of Shaver.  The count for deceptive trade practices must be dismissed pursuant to the law of Dastar.  Finally, the count for tortious interference is totally lacking and actually at odds with the allegations of the Complaint itself.  For these reasons, Counts I, VI and VII of the Complaint should be dismissed.

Wherefore, Defendants Lyons Design Group, Inc. and Adam Lyons, request that:

A. Counts I, VI and VII of the Complaint for Injunctive and Other Relief be dismissed; and

B. such additional relief be allowed as is just.

**SABO & ZAHN**

By:  /s/ Werner Sabo

Werner Sabo (No. 3128735)
Shawn E. Goodman (No. 6216155)
Attorneys for the Lyons Defendants
Sabo & Zahn
401 N. Michigan Avenue
Suite 2050
Chicago, IL 60611
(312) 655-8620 (phone)
(312) 655-8622 (fax)
wsabo@sabozahn.com
sgoodman@sabozahn.com

X:\Business\BUSINESS\Lyons\Grace Hotels 2\Motions\Dismiss.wpd