UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NOVA DESIGN BUILD, INC., and ANNEX BUILDERS LLC,<br>　　　　　Plaintiffs,<br>　　v.<br><br>GRACE HOTELS, LLC, MUKESH BHEDA LYONS DESIGN GROUP, INC., ADAM LYONS, ROBERT WALZ, CAPITAL CONSTRUCTION LLC, and JEFF SCHMITZ,<br><br>　　　　　Defendants. | Civil Action No.  08 C 2855<br><br>Hon. Samuel Der-Yeghiyan |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO THE
LYONS DEFENDANTS' MOTION TO DISMISS COUNTS I, VI AND
VII OF THE COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF**

Plaintiffs Nova Design Build, Inc. ("Nova"), and Annex Builders LLC (collectively, "Plaintiffs"), by their attorneys, respectfully submit this response in opposition to the motion of to dismiss Counts I, VI and VII of the Complaint for Injunctive and Other Relief filed in this captioned action (the "Motion") filed by Defendants Lyons Design Group, Inc., and Adam Lyons (the "Lyons Defendants") As set forth more fully below, the Motion lacks merit and should be denied.

### The Unlawful Duplication of Nova's Design Drawings

1.　Nova commenced this action, in part, to redress the unauthorized and infringing use of Nova's copyrighted architectural and engineering design drawings by the Lyons Defendants (among others) in connection with the construction of a Holiday Inn Express hotel in Waukegan, Illinois (the "Project").

2.　On each and every drawing prepared by Nova in connection with the Project, the following prominently appears in large and all capitalized letters:

© 2006 NOVA DESIGN BUILD, INC.  ALL RIGHTS RESERVED.

NO PART OF THIS DRAWING MAY BE REPRODUCED IN ANY WAY WITHOUT THE PRIOR WRITTEN PERMISSION OF NOVA DESIGN BUILD, INC.

The drawings were issues on or about June 19, 2006 for submission to the City of Waukegan in connection with its permitting process on the Project.

3. As set forth in greater detail in its Complaint, the Lyons Defendants copied the drawings, made minor revisions, and passed them off as their own. The Lyons Defendants' drawings are the same or substantially similar in overall form, arrangement, layout, description and composition of spaces and elements of unique or creative design, as Nova's copyrighted drawing, including among other things, Nova's wall layout, wall bump-outs, column placement, shaft locations, elevator placement, pool placement, room numbers and names, suite configuration, location of specific specialized rooms and amenities, and the number and configuration of bays.

4. The Complaint purports to state claims for Copyright infringement (Count I), for violation of the Illinois Uniform Deceptive Trade Practice Act (Count VI) and for Tortious Interference (Count VII), among others.

### The Lyon's Defendants' Motion to Dismiss

5. Although they do not deny copying Nova's drawings, the Lyons Defendants have moved to dismiss Counts I, VI and VII of the Complaint, on the alleged grounds that the Lyons Defendants somehow enjoyed a "license" to copy Nova's design drawings. As set forth below, the Motion attempting to distort (rather than accept) the well pled facts set forth in the Amended Complaint.  The Motion is wholly without merit and should be denied.

**<u>Plaintiffs have properly Pled Claims Under Counts I, VI and VII</u>**

6.      The Lyons Defendants' 12(b)(6) challenge to Counts I, VI and VII premised upon the purported license granted to use the copyrighted drawings is fatally flawed.  A Rule 12(b)(6) motion to dismiss simply challenges whether the allegations of a complaint are legally sufficient to state a claim upon which relief can be granted. *See, e.g., Ribando v. United Airlines, Inc.,* 200 F.3d 507, 509 (7th Cir. 1999). This Court is to draw from pled facts all reasonable inferences in a light most favorable to the non-movant, and must deny a motion to dismiss unless it is "beyond doubt" that the assumed facts and reasonable inferences cannot support a claim for legal relief. *Id.* at 509, *quoting Conley v. Gibson*, 355 U.S. 41, 45-46 (1975); *see also Johnson v. Rivera, et al.,* 272 F.3d 519, 520 (7th Cir. 2001).

7.      The Lyons Defendants purport to rely on a single provision of Nova's contract with Grace Hotel LLC, which states that "the Owner[, Grace Hotel,] agrees not to use any drawings received from Nova Design Build, Inc., *for bidding, permit or construction purposes* unless and until Nova Design Build, Inc. is paid in full for all the invoices due for Part 1." (Emphasis added).  The Lyons Defendants muse that that provision should be construed broadly so as to allow the Owner to do anything it pleases with the drawings in order to complete the subject project.  This broad construction defies law and logic.

8.      Indeed, as the plain language states, whatever "license" was conferred upon payment was a limited one; it gave Grace Hotel the right to use the drawings for purposes of soliciting bids, or obtaining permits, and then allows Grace Hotels to use the drawings to construct the building that Nova designed.  It does not, however, give Grace Hotels the privilege of have others copy the drawings, make changes and pass them off as their own design.  In fact, in the next breath, Nova's agreement with Grace expressly states: "Design and drawings remain

Nova Design Build, Inc.'s property, *and not to be duplicated anywhere in any fashion* without Nova Design Build, Inc.'s written approval.  (Emphasis added).  The notion, therefore that the agreement gave the Lyons Defendants a "license to copy" strains the limits of good faith legal advocacy.

9. The Lyons Defendants' reliance on *I.A.E. Shaver v. Cantrell, et al.*, 74 F.3d 768 ( 7th Cir. 1996) is wholly misplaced and inappropriate.  In *Shaver,* the plaintiff architect was terminated, but nevertheless thereafter sent its drawings to its client under cover of a letter that tacitly invited their use. *Id.* at p. 771 (the accompanying letter stated "We trust that our ideas and knowledge exhibited in our work will assist [you] in realizing a credible and flexible use …facility.")  The Court concluded that under those circumstances, the letter objectively manifested an intent to allow others to use, copy and modify the drawings.  In stark contrast, Nova never stated or suggested to anyone (either before or after it was terminated) that they could copy or modify its drawings.

10. In short, the Court's rationale in *Shaver* has no bearing on this case, and falls well short of supporting a Rule 12(b)(6) Motion which requires that all facts be accepted as true, and all inferences be drawn in Nova's favor.  Nova has plainly stated its claims and the Motion should be denied.

### The Complaint Clearly States a Claim For Violation Of The Illinois Uniform Deceptive Trade Practices Act

The Complaint plainly and properly states a cause of action for violation of the Illinois Uniform Deceptive Trade Practices Act (the "UDTPA").  To state such a claim, a plaintiff must merely allege deceptive conduct that cause or creates a likelihood of confusion as to either the source, sponsorship or approval of goods or services, or the affiliation, connection or association with another.  *See* 815 ILCS 510/2(2) and (3). *See also Stephen & Hayes Construction, Inc. v.*

*Meadowbrook Homes, Inc.,* 988 F.Supp. 1194, 1198 (N.D.Ill. 1998).  Defendants do not allege that the Complaint fails to allege facts sufficient to state such a claim but argues that this claim that is somehow preempted by the Copyright Act.  They are wrong.

Claims under the UDTPA are not preempted by the Copyright Act.  *Id.* at 1199 (though claims are similar, the element of likelihood of confusion qualitatively changes the nature of UDTPA from claims under Copyright Act).  Defendants' reliance on "*Daystar [sic]*" is wholly misplaced.  The Court in *Dastar Corp. v. Twentieth Century Fox Film Corp.,* 539 U.S. 23 (2003) simply held that "the Lanham Act does not prevent the unaccredited copying of an *uncopyrighted work.*" 539 U.S. at 23-24 (emphasis added).  It has no bearing on this case, where the Defendants have copied copyrighted drawings and passed them off as their own.  To the extent the Defendants are arguing that *Dastar* implicitly preempts such a UDTPA claim, they are, once again, wrong.  Indeed, *Weidner v. Carroll¸* 2007 WL 2893637 (S.D.Ill. 2007), recently reaffirms that there is no such preemption.  2007 WL 2893637*5.

### **The Complaint Clearly States a Claim For Tortious Interference**

Finally, the Complaint plainly and properly states a cause of action for tortuous interference with both the Agreement as well as Annex's prospective economic advantage.  The elements of the tort include (1) interference with a contract or reasonable expectation of entering a contract or valid business relationship; (2) the defendants' knowledge of the plaintiff's contract or expectancy; (3) purposeful or intentional interference by the defendants that causes another to breach the contract or prevent the legitimate expectancy from ripening into a valid business relationship; and (4) damages to the plaintiff resulting from such interference.  *See Miller v. Lockport Realty Group, Inc.,*377 Ill.App.3d 369, 374, 878 N.E.2d 171, 176 (1st Dist. 2007).

Lyons contends that there could be no tortious interference with contract because the contract was not breached.  In making this argument, however, Lyons is simply ignoring (not

accepting as true) the allegations in the Complaint that Grace failed and refused to pay the sums due and owing to Nova. There was no good faith dispute between the parties—rather it was coercion by Grace-- that lead to Nova's waiver of additional amounts due to it. In the absence of a *bone fide* dispute, there could not be an enforceable modification of the Agreement without consideration to Nova (which is entirely lacking in this case). *See Doyle v. Holy Cross Hospital*, 186 Ill.2d 104, 112, 708 N.E.2d 1140, 1144-45 (Ill. 1999). *See also Century 21 Real Estate Corp. v. CLTM Associates, Ltd.,* 2003 WL 288951 (N.D. Ill. 2003). The Motion must be denied therefore as it relates to Nova's claims under Count VII.

Plaintiff's claims against the Lyons Defendants are only with respect to its tortuous interference with Nova's contract, and *not* with respect to Annex's prospective economic advantages. The Motion is moot as to Annex's claims under Count VII.

For the reasons set forth herein, the Motion must be denied.

                    Respectfully submitted,

                    NOVA DESIGN BUILD, INC.

                    By: /s/ George J. Spathis
                          One of its Attorneys

George J. Spathis (No. 6204509)
S. Jared Raab (No. 6294632)
Rebecca Hanson (No. 6280296)
Shaw Gussis Fishman Glantz Wolfson & Towbin LLC
321 N. Clark, Suite 800
Chicago, Illinois  60610
(312) 541-0151

**CERTIFICATE OF SERVICE**

George J. Spathis, an attorney, certifies that service of the above and foregoing pleading was accomplished through the Electronic Notice for Registrants on the attached CM/ECF service list, as well as by U. S. Mail delivery upon the service list, as indicated, on or before the 31st day of July, 2008. Copies of documents required to be served by Fed. R. Civ. P. 5(a) have been served.

**CM/ECF Service List**

The following is the list of attorneys who are currently on the list to receive e-mail notices for this case:

Warner Sabo, Esq.
wsabo@sabozahn.com

Shawn E. Goodman, Esq.
sgoodman@sabozahn.com

Daniel L. Kegan, Esq.
Daniel@keganlaw.com


_____*/s/ George J. Spathis*_____