UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NOVA DESIGN BUILD, INC., and ANNEX BUILDERS LLC, ) <br>                 Plaintiffs, ) <br> v. ) <br> GRACE HOTELS, LLC, MUKESH BHEDA ) <br> LYONS DESIGN GROUP, INC., ADAM ) <br> LYONS, ROBERT WALZ, JS CAPITAL ) <br> CONSTRUCTION, INC, and JEFF SCHMITZ, ) <br>                 Defendants. ) | Civil Action **08 C 2855** <br><br> Hon. Samuel Der-Yeghiyan <br><br> Magistrate Judge Valdez |

## GRACE HOTELS DEFENDANTS' REPLY FOR GRACE'S MOTION TO DISMISS

Defendants Grace Hotels, LLC ("Grace"), Mukesh Bheda ("Bheda"), Robert Walz ("Walz"), JS Capitol Construction, Inc. ("Capital," named incorrectly in the Complaint) and Jeff Schmitz ("Schmitz") reply to Plaintiffs' July 31, 2008 Response to Grace Defendants' June 9, 2008 Motion to Dismiss.

### I
### INTRODUCTION

A copyright is not a copyright *registration*, although Plaintiffs confusingly conflate the two. Plaintiffs' registration applications both unambiguously certified to the best of principal Himanshu Modi's knowledge that their copyright is for a derivative work, though Plaintiffs now attempt to argue that what they intended by "derivative" was somehow different than the statutory definition (and as set forth within the application instructions). Plaintiffs do not dispute they had no right to register a copyright derivative of Six Continents Hotels, Inc.'s (SCH) proprietary architectural drawings.

Grace Defendants' Motion to Dismiss shows Plaintiffs have not stated a claim upon which relief may be granted, based on clear law, allegations of the complaint and the

Grace's Reply for Motion to Dismiss. *Nova Design v Grace Hotels*, ND 08 C 2855      Page 1/10

uncontroverted exhibits incorporated by reference within Plaintiff's allegations. Consequently, Plaintiffs lack valid copyright registration, concede Defendants' uses were at least permitted, allege facts demonstrating no valid third party beneficiary status for Annex Builders, and rely on documents establishing their own lack of standing to bring suit for alleged infringement.

## II

### ABSENT A VALID REGISTRATION, PLAINTIFFS NECESSARILY LACK STANDING TO INSTITUTE A COPYRIGHT INFRINGEMENT ACTION

When standing is challenged as a factual matter, the plaintiff must come forward with "competent proof"—a showing by a preponderance of the evidence—that standing truly exists. *Lee v. City of Chicago,* 330 F.3d 456, 468 (7th Cir. 2003). A jurisdictional challenge may be made either on the face of the pleadings or by presenting extrinsic evidence. *Warren v. Fox Family Worldwide, Inc.,* 328 F.3d 1136 (9th Cir. 2003).

Grace's Motion to Dismiss argues Nova's copyright registration was invalid, unlawfully obtained in violation of Nova's limited license to make derivatives of InterContinental Hotels Group's (IHG)/Six Continents Hotels (SCH) proprietary Holiday Inn Express prototype drawings. Despite weeks of opportunity, Plaintiffs have provided no competent proof that Nova was authorized to register its claimed copyright in the derivative work.

In ruling on a 12(b)(1) jurisdictional challenge, a court may look beyond the complaint and consider extrinsic evidence. *Warren v. Fox Family Worldwide, Inc.,* 328 F.3d 1136. Moreover, in deciding a 12(b)(6) motion, the court may consider documents on which the complaint necessarily relies and whose authenticity is not contested. *Id.; Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001).

# A
## THE COURT MAY CONSIDER GRACE'S AND PLAINTIFFS' DOCUMENTS

In preliminary reply to Plaintiffs' arguments, the court may consider "material which is properly submitted as part of the complaint" on a motion to dismiss without converting the motion to dismiss into a motion for summary judgment. *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001). If the documents are not physically attached to the complaint, they may be considered if the documents' authenticity is not contested and the plaintiffs' complaint necessarily relies on them. *Id*. Plaintiff's have either introduced or not contested the authenticity of any of Grace's exhibits and declarations.[1] Additionally, a court is not required to accept as true conclusory allegations of copyright standing that are contradicted by documents referred to in the complaint. *Warren v. Fox Family Worldwide, Inc.,* 328 F.3d 1136, 1139 (9th Cir. 2003). Also, under Fed.R.Evid. 201, a court may take judicial notice of matters of public record. *Lee,* 250 F.3d at 688–89.

---

[1] Grace Exhibits G-017, G-018, G-020, and G-021 are in the public record. Grace's Exhibits G-003 and G-018 are Plaintiffs' own Exhibits A and B. Grace Exhibit G-001a is referenced in Complaint ¶ 16 (Grace the franchisee of InterContinental Hotels Group). Exhibit G-002a & b is referenced in Complaint ¶16 (generic prototype design). Exhibit G-004 is referenced in Complaint ¶ 40 (Grace, however, failed to pay the invoices). Exhibit G-005 is referenced in Complaint ¶ 42 (Nova "forced to accept" $18,000). Exhibit G-008 is referenced in Complaint ¶ 15 (Holiday Inn Express hotel on a 2.1 acre parcel in Waukegan, Illinois). Exhibits G-009 through G-013 are referenced in Complaint ¶ 16 (Grace…provided Nova with a generic prototype design that set forth a generic footprint and basic specifications). Exhibit G-016 (Waukegan) is referenced in Complaint ¶ 66 (Nova contacted the City).

Complaint ¶ 71 asserts "Nova owns a valid and registered copyright…attached as Exhibit B," and Exhibit B asserts in the Derivative Work/ Limitation of Copyright Claim section 6 preexisting material of "franchise motel prototype design." Franklin Moore's Declaration references the Motel Project-I copyright application (September 26, 2007, received by the Copyright office September 28th), which after amendment matured into the registration of Exhibit B/G-018.

Where it can be shown that a material fact as claimed by the pleader to be one is not a fact at all, and there is no significant dispute regarding it, evidentiary material may be considered for dismissal. *Guggenheimer v. Ginzburg,* 401 N.Y.S.2d 182, 185, 372 N.E.2d 17 (Ct. App. 1977) (deceptive trade practices injunction). Moreover, where the allegations consist of claims that are flatly contradicted by documentary evidence, the allegations are not entitled to consideration. *Herman v. Greenberg,* 634 N.Y.S.2d 99, 100, 221 A.D.2d 251 (App. Div. 1st Dept. 1995).

Plaintiffs' Complaint recounts most of the documents that Grace provides in its Motion to Dismiss and (as paired in n. 1, supra) all necessary Grace exhibits have their counterparts in the Complaint text. Therefore the motion need not be converted to one for summary judgment.

## B
## LACKING A VALID REGISTRATION, PLAINTIFFS' COPYRIGHT INFRINGEMENT COUNT MUST FAIL

Plaintiffs are not entitled to institute an action for copyright infringement because neither Modi, the initial copyright claimant, nor Nova, the amended copyright claimant, had the right to register a copyright in the derivative work, which was based on a Holiday Inn Express template.

Despite Nova principal Modi's admission he has personally designed three other Holiday Inn Express hotels (Modi 31July08 Affidavit, ¶2), and despite being furnished (Complaint, ¶¶16, 30) with the proprietary Holiday Inn Express hotel prototype bearing IHG's copyright notice (Modi Aff. ¶¶2–3, 5; Moore Declaration, ¶¶ 12-13 & Exhibit B/G-018), Plaintiffs now seek to ignore Complaint allegations by claiming ignorance of the obvious fact that Grace had an agreement with IHG (Defs. Response Brief, p. 9). Nevertheless, claimed ignorance of the need for permission to make a derivative work (17 USC §106 (2))—and of the concurrent restriction

that no registration of the derivative work was permitted by IHG—simply did not grant Plaintiffs the right to register.

Throughout their Response Brief, Plaintiffs equate a copyright with a copyright *registration* (*e.g.,* at p. 8: "Defendants seemingly argues [sic] that Nova is somehow contractually prohibited from copyrighting its designs and drawings because they are 'derivative' of a copyrighted prototype prepared by InterContinental Hotel Group"). The two significantly differ. Whether Nova might have a valid copyright in its derivative drawings for the Holiday Inn Express project is not an issue now before the Court; the issue is whether a plaintiff has a valid copyright *registration*, a statutory prerequisite to confer proper standing for a copyright infringement action.

## C
## NOVA'S CLAIMED WORK IS STATUTORILY DERIVATIVE

"A 'derivative work' is a work based upon one or more preexisting works…. A work consisting of editorial revisions, annotations, elaborations, or other modifications which, as a whole, represent an original work of authorship, is a 'derivative work'" (17 USC §101).

By both the statutory definition and by the affirmative representations of Modi and Nova (as set forth within the application instructions), relied upon by the Copyright Office in issuing a copyright registration, Nova's work is derivative. Contrary to the Copyright Act, Modi and Nova failed to make "an *identification* of any preexisting work or works that it is based on or incorporates" (17 USC § 409, emphasis added). Modi, however, acknowledges Nova's claimed work was based on the Holiday Inn Express template (Modi Affidavit, ¶¶ 3-5).

The right to prepare derivative works may be granted, conditioned, or withheld by the owner of the underlying copyright work (17 USC §106(2)). No matter how much Plaintiffs claim

Nova added to the Holiday Inn Express template, their derivations were required by InterContinental Hotels Group (IHG) to stay within IHG standards and were subject to IHG approval (Complaint ¶ 37; Modi Aff. ¶9 and attached IHG fax[2]). Here, undisputed documentation establishes neither Plaintiff Nova nor its principal Modi were granted the right to register their claimed copyright in the derivative work.

Plaintiff Nova had no right to register a copyright claim in a work derived from a Holiday Inn Express template. A complaint based on a copyright registration obtained by a non-author falsely claiming to be an author states no claim upon which relief may be granted; a complaint based on a counterfeit copyright registration also states a claim upon which relief may not be granted. Plaintiffs' complaint based on its invalid copyright registration likewise fails to states a claim upon which relief may be granted.

## III
### THE GRACE DEFENDANTS' USE WAS AUTHORIZED BY LICENSE, NOT AN INFRINGING USE

Plaintiffs concede that the contract for the hotel design and drawings "gave Grace Hotel the right to use the drawings for purposes of soliciting bids, or obtaining permits, and then allows

---

[2] The IHG Jan. 5, 2007 fax directed to Nova and Modi, in §II GOVERNING CRITERIA, p. 2 (filed by Plaintiffs as Doc. 27-2, p. 7 of 19), references the "Express Standards Manual": "This Express brand hotel is subject to the requirements of the current Holiday Inn Express Standards Manual … . Thank you for choosing to **base your hotel design on that of the Center Pavilion Express prototype**. [ ] To maintain consistent representation of prototypical characteristics, be advised that **signature features of the prototype design may not be altered beyond certain limits**" (emphasis added). Numerous specific limitations to and disapproval of Plaintiffs' proposed modifications were noted (*e.g.,* §IV n. 2 "The 4th architectural floor plan is not part of this design submittal"; and §§IV A. 1 [ADA requirements], B. 1 [IHG life safety disapproval of second floor space], C. 1 [guest room, lobby and great room lighting requirements], D. 1 [electrical outlet placement], E. 1[required architectural elements for lobby and guest room corridors] & 2 [guest room corridor ceilings and room entryways], F. 2 [interior and exterior light fixtures] & 7 [meeting room space moveable wall partitions]).

Grace Hotels to use the drawings to construct the building that Nova designed." (Plaintiffs' Resp. to Lyons Mot. Dismiss, ¶8). Nor do Plaintiffs contest that Grace Hotels was licensed to use IHG's prototype drawings (see Grace Motion to Dismiss, p. 8). The Complaint clearly alleges that the Defendants were authorized to use Nova's design drawings in order to solicit competing construction bids (Complaint ¶19), to secure construction permits, and to complete construction (¶¶ 26, 38), so no "misappropriation" or "misattribution" occurred.[3] When a plaintiff pleads facts which show it has no claim, it has pled itself out of court. *McCready v Ebay, Inc.*, 453 F3d 882, 888 (7th Cir. 2006).

There is no allegation against the Defendants that they were guilty of any acts of copyright infringement for which relief could be granted. For the same reasons, no injunctive relief would be warranted, nor should a court mandate wasteful loss of use or destruction of resources in a nearly-complete commercial project.

## IV
## NO CONTRACTUAL CLAIM FOR WHICH RELIEF CAN BE GRANTED HAS BEEN STATED

Annex Builders is unable to state a contract-related claim for which relief may be granted because it was not a party to any agreement. Nor could Annex have been an intended third-party beneficiary—nor reasonably rely upon the contract—since the Complaint alleges that only the drawing proposal was accepted (Complaint ¶17). The parties did not reach any agreement regarding selection of a particular contractor for the project, which Plaintiffs expressly agreed was to remain open to competitive bid (¶20).

---

[3] Plaintiff's argument that confusion persists (Plaintiffs' response at pp. 11–13) must fall for identical reasons, in addition to the points set forth in Grace Defendants' motion to dismiss that, *inter alia,* no confusion among *likely customers* is implicated (at pp. 5–7).

Most significantly, Nova freely accepted $18,000 in exchange for renouncing any interest in continuing with the Grace Holiday Inn Express project (Exhibit G-006). Plaintiffs now assert that Nova "was ultimately forced to accept" the negotiated adjustment (Response Brief, p. 5), but presents neither evidence nor words relating to any coercion or force of any nature, for there was none. All evidence available and before the court can lead to only one possible conclusion: Nova willingly settled its account. Payment operated as an accord and satisfaction; no contract claim survived.

The potential alleged harm of loss of "competitive advantage" was unquestionably contemplated by the parties to the design agreement and accepted by Nova in return for payment of an additional sum. Plaintiffs merely argue now against Grace Hotels' bargained-for contractual right to select the contractor of its choice. Any claim Plaintiffs might arguably have had for "misappropriation" and somehow "enriching" the Defendants must fail inasmuch as such use by Grace was agreed to by Nova's contract, and Nova was paid for its work. Not only did Grace pay for Nova's work—therefore, not "at the expense of Nova"—but Grace still was required to and did pay for further design work to allow the general contractor to erect the building.

If there were any valid remaining contract dispute, it would be limited to a determination of calculation of the amount due to be paid and whether any of it remains unpaid. Even so, construing the terms of the written contract documents can be done by the court as a matter of law, without resort to a jury. Documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to its claim. *188 LLC v Trinity Industries, Inc.,* (300 F3d 730, 7th Cir., 2002). This rule is "aimed at cases interpreting, for example, a contract,  and serves "to prevent parties from surviving a motion to

dismiss by artful pleading or by failing to attach relevant documents. *Id.* at 26-27.

Should the Court find cause to treat Grace Defendants' motion as one for summary judgment, regarding all or some of Plaintiff's counts, they will, after a reasonable opportunity, present what additional submissions the Court deems needed in order to conform with the Court's preferred practice.

## CONCLUSION

Plaintiffs' complaint cannot survive dismissal. *Bell Atlantic Corp. v Twombly,* 127 SCt 1955 (US 2007). Wherefore, Grace and the other Grace Defendants respectfully request the Court grant their requested relief.

Respectfully submitted,
GRACE HOTELS, LLC, MUKESH BHEDA, ROBERT WALZ, JS CAPITOL CONSTRUCTION, INC., and JEFF SCHMITZ

By: /s/ Daniel Kegan
Daniel Kegan (IL ARCD 6187669)
Kegan & Kegan, Ltd.
79 W Monroe St #1320
Chicago IL 60603-4969
312-782-6495
28 August 2008

## AUTHORITIES CITED

*188 LLC v Trinity Industries, Inc.,* (300 F3d 730, 7th Cir., 2002).

*Bell Atlantic Corp. v Twombly,* 127 SCt 1955 (US 2007).

*Guggenheimer v. Ginzburg,* 401 N.Y.S.2d 182, 185, 372 N.E.2d 17 (Ct. App. 1977).

*Herman v. Greenberg,* 634 N.Y.S.2d 99, 100, 221 A.D.2d 251 (App. Div. 1st Dept. 1995).

*Lee v. City of Chicago,* 330 F.3d 456, 468 (7th Cir. 2003).

*Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001).

*McCready v Ebay, Inc.*, 453 F3d 882 (7th Cir. 2006).

*Warren v. Fox Family Worldwide, Inc.,* 328 F.3d 1136 (9th Cir. 2003).

17 USC §§ 101, 106(2)), 409.

Fed.R.Civ.P. 12(b)(1).

**SERVICE CERTIFICATE**

The undersigned certifies that this **Reply Brief** is being served by ECF to counsel for the Lyons Defendants, **Werner Sabo**, Sabo & Zahn, 401 N Michigan Ave #2050, Chicago IL 60611, wsabo@sabozahn.com and to counsel for Plaintiffs **George J Spathis**, Shaw Gussis Fishman Glantz Wolfson & Towbin Llc, 321 N Clark St #800, Chicago IL 60610, gspathis@shawgussis.com on 28 August 2008.    Signed __/s/ Daniel Kegan___.