# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| NOVA DESIGN BUILD, INC., and ANNEX BUILDERS LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 08 C 2855 ) |
| GRACE HOTELS, LLC et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motions to dismiss. For the reasons stated below, we deny the motions to dismiss.

## BACKGROUND

Plaintiffs allege that Plaintiff Nova Design Build, Inc. ("Nova") is a company that provides architectural and engineering services. Plaintiff Annex Builders, Inc. ("Annex") is allegedly an affiliate of Nova that offers construction services to Nova's clients. In March 2006, Defendant Grace Hotels, LLC ("Grace") allegedly contacted Nova and invited Nova to make a proposal concerning the design and

1

construction of a Holiday Inn Express ("Hotel") in Waukegan, Illinois ("Project"). Defendant Mukesh Bheda ("Bheda") is allegedly a member and manager of Grace. Plaintiffs claim that Grace provided Nova with a generic prototype of the design for the Project. Nova then allegedly submitted a proposal for the Project and Grace orally promised that Annex would be awarded the construction contract for the Project. After revisions of Nova's proposal, the parties allegedly entered into an agreement concerning Nova's services on the Project ("Agreement"). The Agreement also allegedly provided that Nova's designs and drawings would remain the property of Nova.

Plaintiffs allege that Grace requested additional work from Nova not contemplated in the Agreement and certain revisions in the Project design. Nova allegedly completed the necessary drawings and designs and in June 2006, they were submitted to the City of Waukegan ("City") to obtain the necessary permits. The drawings and designs allegedly all bore a statement indicating that they were the exclusive property of Nova.

According to Plaintiffs, after the submission, Grace removed Nova from the contact list for the City on matters concerning permits for the Project. The City allegedly requested revisions in the design of the Project and Nova was allegedly only able to respond to the requests after Grace forwarded the City's requests. In

September 2006, Annex allegedly submitted a bid to build the Hotel. Grace allegedly advised Nova that Grace would seek competitive bids and Grace refused to give Annex the opportunity to meet lower bids. Plaintiffs assert that, under the terms of the Agreement, the failure by the parties to reach an accord concerning a construction contract for the Project released Nova from any further design obligations. Nova allegedly requested payment at that juncture and Grace refused to pay Nova. Nova allegedly then indicated that it would not provide any further services to Grace and Grace allegedly threatened to withhold all payments owed to Nova if Nova did not agree to reduce the payment amount. Plaintiffs allege that Nova was ultimately forced to accept $18,000 for the $28,000 that Grace owed to Nova.

In October 2006, the City allegedly issued a construction permit based upon Nova's designs and drawings. Defendant Capital Construction LLC ("Capital") then allegedly submitted a bid for the construction of the Hotel. Defendant Jeff Schmitz ("Schmitz") is allegedly a principal of Capital. According to Plaintiffs, Capital was able to provide the requisite drawings for the construction at a very low cost by misappropriating Nova's designs and drawings. Grace then allegedly removed Nova from the City's file as the architect of record and Grace solicited Lyons Design Group Inc. ("Lyons Design"), which is allegedly controlled by Defendant Adam

Lyons ("Lyons"), to modify Nova's architectural plans and drawings and submit them as the drawings of Lyons Design. Grace also allegedly hired Defendant Robert Walz ("Walz"), an engineer, to copy Nova's structural plans and drawings and submit them as his own. Walz then allegedly submitted the designs to the City in July 2007. Plaintiffs claim that Defendants all participated in the above scheme, which allowed Capital to underbid Annex for the construction contract, and Capital was subsequently awarded the construction contract for the Hotel.

Plaintiffs brought the instant action and include in their complaint copyright infringement claims brought against Grace, Capital, Schmitz, Bheda, Walz, Lyons Design, and Lyons under the Copyright Act, 17 U.S.C. § 101 *et seq.* (Count I), a claim seeking preliminary and permanent injunctive relief (Count II), a breach of contract claim brought against Grace based upon the obligations owed to Nova under the Agreement (Count III), a breach of contract claim brought against Grace based upon the obligations owed to Annex (Count IV), misappropriation claims brought against Grace, Walz, Lyons Design, and Capital (Count V), Illinois Deceptive Trade Practices Act ("IDTPA"), 815 ILCS 510/1 *et seq.* claims brought against Grace, Lyons Design, and Walz (Count VI), and tortious interference with prospective economic advantage ("TIPEA") claims brought against Capital, Schmitz, Walz, Lyons, and Lyons Design (Count VII). Plaintiffs have attached to the complaint a

copy of a certificate of registration for Nova's copyright ("Nova Copyright") filed by Himanshu J. Modi ("Modi"). Defendants Grace, Bheda, Walz, Capital, and Schmitz (collectively referred to as "Grace Defendants") move to dismiss all claims brought against them in the complaint. Lyons and Lyons Design (collectively referred to as "Lyons Defendants") move to dismiss Counts I, VI, and VII.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). In order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High Sch.*, 144 F.3d 448, 454-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*,

496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)). Under the current notice pleading standard in federal courts a plaintiff need not "plead facts that, if true, establish each element of a 'cause of action. . . .'" *See Sanjuan v. Amer. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later"). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "'provide the defendant with at least minimal notice of the claim,'" *Kyle*, 144 F.3d at 455 (quoting *Jackson v. Marion County*, 66 F.3d 151, 153-54 (7th Cir. 1995)), and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claims." *Perkins*, 939 F.2d at 466-67. The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan*, 40 F.3d at 251; *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998)(stating that "[p]laintiffs need not plead facts or legal theories; it is enough to set out a claim for relief").

**DISCUSSION**

I. Grace Defendants' Motion

Grace Defendants move to dismiss all claims brought against them.

A. Copyright Infringement Claim (Count I)

Grace Defendants argue that the court should dismiss the copyright infringement claim because the Nova Copyright registration is invalid. Pursuant to 17 U.S.C. § 411(a), "no action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made. . . ." 17 U.S.C. § 411(a); *see also Automation By Design, Inc. v. Raybestos Products Co.*, 463 F.3d 749, 753 n.1 (7th Cir. 2006)(stating that "[r]egistration is not a condition of copyright protection, but is necessary before an infringement suit may be filed in court"). In the instant action, Nova has attached the Nova Copyright registration, which indicates that it was registered by Modi on September 26, 2007. Grace Defendants argue that the registration is not valid and that Nova does not hold a copyright over the work at issue.

1. Rule 12(b)(6) Motion

Plaintiffs argue that Grace Defendants' arguments are premature and cannot

be raised in a Rule 12(b)(6) motion. For a motion to dismiss under Rule 12(b)(6), a court can consider the complaint and any exhibits attached to the complaint. *Massey v. Merrill Lynch & Co., Inc.*, 464 F.3d 642, 645 (7th Cir. 2006). Thus, we can consider Plaintiffs complaint and the exhibits which include the Nova Copyright registration. However, Grace Defendants base their motion to dismiss on various facts that are well beyond the scope of the complaint and attached exhibits. For example, Grace Defendants claim that Grace is licensed by Holiday Hospitality Franchising, Inc. ("HHF"), an affiliate of Six Continents Hotels, Inc. ("SCH") and InterContinental Hotels Group ("IHG"), to build and operate a Holiday Inn Express. According to Grace, SCH and IHG provide prototype architectural drawings to franchisees to build new hotels. Grace argues that the subject matter of the Nova Copyright was derived from designs for which SCH and IHG hold the proprietary rights. Grace argues that Modi was only authorized to make derivative architectural drawings for Grace and Modi was not authorized to register any copyright claim based on derivative works. *See* 17 U.S.C. § 106(2)(stating that "the owner of copyright under this title has the exclusive rights to do and to authorize" works such as the preparation of "derivative works based upon the copyrighted work"). While such arguments can be presented at the summary judgment stage supported by evidence, they are based upon facts that are well beyond the pleadings and are

therefore premature to bring in a Rule 12(b)(6) motion. We also note that Grace Defendants seek to introduce numerous exhibits including signed declarations that are beyond the scope of the pleadings.

Grace Defendants also argue that the court can consider materials outside the scope of the complaint even if not attached to the complaint as long as the authenticity of the documents is not contested. (G Reply 3). However, Grace Defendants' arguments are based upon the pleading standard as interpreted by the Ninth Circuit, which is not controlling precedent. (G Reply 3). Thus, based on the above, we deny Grace Defendants' motion to dismiss the copyright infringement claim to the extent that the motion is brought under Rule 12(b)(6).

2. Rule 12(b)(1) Motion

Grace Defendants also argue that they can bring a motion to dismiss the copyright infringement claim under Federal Rule of Civil Procedure 12(b)(1) (" Rule 12(b)(1)"). We first note that this argument is a new argument presented by Grace Defendants in their reply and thus is improper. *Aliwoli v. Gilmore,* 127 F.3d 632, 635 (7th Cir. 1997). Grace Defendants indicated in their motion to dismiss that they were moving to dismiss under Rule 12(b)(6) and did not specify that they were also moving under Rule 12(b)(1). (G Mot. 1). Thus, Plaintiffs were denied an

opportunity to respond to Grace Defendants' Rule 12(b)(1) arguments.

We also note that, regardless, the new arguments concerning Rule 12(b)(1) are without merit. Grace Defendants argue that since the Nova Copyright registration is invalid, Plaintiffs lack standing. However, Grace Defendants are not properly challenging Plaintiffs' standing. As indicated above, a plaintiff is required to register a copyright before bringing suit to assert claims based on the copyright. Plaintiffs have supplied documentation showing that Nova has registered a copyright and a certificate has been issued. Although Grace Defendants attempt to make their arguments appear to be focused on challenging the registration and thus standing, Grace Defendants are actually challenging the validity of the copyright that was registered by Modi.

In addition, even to the extent that Grace Defendants seek to specifically challenge the validity of the registration, such an argument does not raise a jurisdictional issue. It is properly characterized as a condition precedent rather than a jurisdictional basis. *See Batesville Services, Inc. v. Funeral Depot, Inc.*, 2004 WL 2750253, at *4 (S.D. Ind. 2004)(stating that the plaintiff improperly moved to dismiss for lack of subject matter jurisdiction since "whether plaintiffs properly registered their photographs for copyright protection is a condition precedent to prevailing on the merits of their claims" and "[i]t is not a matter that affects this

court's subject matter jurisdiction")(citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 90 (1998)).

In addition, such arguments concerning the validity of the Nova Copyright registration are properly made in a summary judgment motion rather than in a motion to dismiss. *See, e.g., Harris Custom Builders, Inc. v. Hoffmeyer*, 92 F.3d 517, 519 (7th Cir. 1996)(addressing defendant's argument that the copyright registration at issue was invalid); *Storage Technology Corp. v. Custom Hardware Engineering & Consulting, Inc.*, 421 F.3d 1307, 1317-18 (Fed. Cir. 2005)(referring defense based on "invalid registration"); *Team Play, Inc. v. Boyer*, 391 F.Supp.2d 695, 704 (N.D. Ill. 2005)(addressing issue of validity of registration at summary judgment stage); *Eagle Services Corp. v. H20 Industrial Services, Inc.*, 2006 WL 449210, at *1, *11 (N.D. Ind. 2006)(addressing issue of validity of registration at summary judgment stage).

Thus, Grace Defendants are not properly seeking relief under Rule 12(b)(1) and the court cannot delve into matters beyond the pleadings at this juncture. We also note that even if Grace Defendants could proceed under Rule 12(b)(1), Plaintiffs have provided sufficient evidence at this juncture to show that they have standing to proceed in this case. Therefore, we deny Grace Defendants' motion to dismiss the copyright infringement claim to the extent that Grace Defendants move to dismiss under Rule 12(b)(1).

B.  Breach of Contract Claims (Counts III and IV)

Grace Defendants move to dismiss the breach of contract claims in Counts III and IV.  Plaintiffs contend that Grace breached its contractual obligations to Nova and to Annex.  Grace Defendants argue that Plaintiffs already agreed to settle such claims and that there is an accord and satisfaction.  However, the merits of Grace Defendants' defenses cannot be litigated in a motion to dismiss.  Plaintiffs deny that there was any accord and satisfaction for the breach of contract claims.  As Plaintiffs point out, an assessment of Grace Defendants' defense involves matters that are far beyond the scope of the complaint.  Therefore, we deny Grace Defendants' motion to dismiss the breach of contract claims (Counts III and IV).

C.  Misappropriation,  IDTPA, and TIPEA Claims (Counts V, VI, and VII)

Grace Defendants move to dismiss the misappropriation, IDTPA, and TIPEA claims.  According to Grace Defendants, the designs that Nova prepared should be deemed derivative works.  Grace Defendants argue that entities such as IHG held the ownership in the works and that Grace Defendants thus did not misappropriate any designs.  Grace Defendants also argue that Plaintiffs cannot prevail on the IDTPA claims since there is not sufficient evidence that would show confusion as to the works in question.  In addition, Grace Defendants argue that Plaintiffs renounced

12

their interest in the works at issue. However, as Plaintiffs point out, issues such as whether the works at issue were derivative works, whether there was a misappropriation, whether there was confusion as to the source of the works, and whether Plaintiffs renounced their interest in the works, cannot be litigated at this point as such an analysis involves an inquiry into evidence that is well beyond the pleadings. Grace Defendants' argument that Plaintiffs' claims are "meritless" are therefore premature. (G Mot. 1). Therefore, we deny Grace Defendants' motion to dismiss the misappropriation, IDTPA, and TIPEA claims (Counts V, VI, and VII).

II. Lyons Defendants' Motion to Dismiss

Lyons Defendants move to dismiss Counts I, VI, and VII of the complaint. Lyons Defendants argue that Plaintiffs cannot prevail on the copyright infringement claim due to the fact that there was an accord and satisfaction with Plaintiffs and Grace had a license to use Nova's drawings. However, Lyons Defendants' arguments seek only to challenge the merits of Plaintiffs' copyright infringement claim rather than challenge the pleadings. Whether Grace had a license to the drawings involves an analysis of factors and evidence beyond the pleadings. Lyons Defendants even argue that "[t]he facts alleged here are reminiscent of those in <u>IAE v. Shaver</u>, 74 F.3d 768 (7th Cir. 1996)" and Lyons Defendants argue that the Seventh

13

Circuit ruling in *Shaver* should apply in this case. (L Mot. 2). However, in *Shaver*, the Seventh Circuit was reviewing a district court's ruling on a summary judgment motion, not a motion to dismiss. *I.A.E., Inc. v. Shaver*, 74 F.3d 768, 770 (7th Cir. 1996). Therefore, we deny Lyons Defendants' motion to dismiss the copyright infringement claim (Count I).

Lyons Defendants also argue that Plaintiffs should not be able to proceed on an IDTPA claim since Plaintiffs have relief available for copyright infringement. However, we are only presented at this juncture with the allegations necessary to state an IDTPA claim. At the summary judgment stage, when we have before us the complete record and evidence we will make rulings on the IDTPA claims. Therefore, we deny Lyons Defendants' motion to dismiss the IDTPA claims (Count VI).

Lyons Defendants also move to dismiss the TIPEA claims. Lyons Defendants first argue that there was an accord and satisfaction as to the amounts allegedly owed by Grace to Nova. However, as stated above, such arguments are premature at this juncture. Lyons Defendants also take issue with whether Plaintiffs have specifically pled facts to match each element of the TIPEA claims, but as indicated above, a plaintiff is not required to plead each element of a claim in federal court. *Sanjuan*, 40 F.3d at 247. Plaintiffs have pled the operative facts sufficient to put Lyons

14

Defendants on notice of the TIPEA claims and plausibly suggest that Lyons Defendants may have interfered with the contractual relationship between Grace and Nova. Therefore, we deny Lyons Defendants' motion to dismiss the TIPEA claims (Count VII).

## CONCLUSION

Based on the foregoing analysis, we deny Grace Defendants' motion to dismiss and we deny Lyons Defendants' motion to dismiss.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: September 30, 2008