IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NOVA DESIGN BUILD, INC., and ANNEX BUILDERS LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 08 C 2855 |
| GRACE HOTELS, LLC et al., | ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Nova Design Build, Inc.'s ("Nova") and Plaintiff Annex Builders, Inc.'s ("Annex") motion to dismiss the counterclaim filed by Defendant Grace Hotels, LLC, Defendant Mukesh Bheda, Defendant Robert Walz, Defendant JS Capitol Construction, Inc., and Defendant Jeff Schmitz (collectively referred to as "Grace Defendants"). For the reasons stated below, we grant in part and deny in part the motion to dismiss the counterclaim.

**BACKGROUND**

Plaintiffs allege that Nova is a company that provides architectural and

1

engineering services. Annex is allegedly an affiliate of Nova that offers construction services to Nova's clients. In March 2006, Defendant Grace Hotels, LLC ("Grace") allegedly contacted Nova and invited Nova to make a proposal concerning the design and construction of a Holiday Inn Express ("Hotel") in Waukegan, Illinois ("Project"). Defendant Mukesh Bheda ("Bheda") is allegedly a member and manager of Grace. Plaintiffs claim that Grace provided Nova with a generic prototype of the design for the Project. Nova then allegedly submitted a proposal for the Project and Grace orally promised that Annex would be awarded the construction contract for the Project. After revisions of Nova's proposal, the parties allegedly entered into an agreement concerning Nova's services on the Project ("Agreement"). The Agreement also allegedly provided that Nova's designs and drawings would remain the property of Nova.

Plaintiffs allege that Grace requested additional work from Nova not contemplated in the Agreement and certain revisions in the Project design. Nova allegedly completed the necessary drawings and designs and in June 2006, they were submitted to the City of Waukegan ("City") to obtain the necessary permits. The drawings and designs allegedly all bore a statement indicating that they were the exclusive property of Nova.

According to Plaintiffs, after the submission, Grace removed Nova from the

2

contact list for the City on matters concerning permits for the Project. The City allegedly requested revisions in the design of the Project and Nova was allegedly only able to respond to the requests after Grace forwarded the City's requests. In September 2006, Annex allegedly submitted a bid to build the Hotel. Grace allegedly advised Nova that Grace would seek competitive bids and Grace refused to give Annex the opportunity to meet lower bids. Plaintiffs assert that, under the terms of the Agreement, the failure by the parties to reach an accord concerning a construction contract for the Project released Nova from any further design obligations. Nova allegedly requested payment at that juncture and Grace refused to pay Nova. Nova allegedly then indicated that it would not provide any further services to Grace and Grace allegedly threatened to withhold all payments owed to Nova if Nova did not agree to reduce the payment amount. Plaintiffs allege that Nova was ultimately forced to accept $18,000 for the $28,000 that Grace owed to Nova.

In October 2006, the City allegedly issued a construction permit based upon Nova's designs and drawings. Defendant Capital Construction LLC ("Capital") then allegedly submitted a bid for the construction of the Hotel. Defendant Jeff Schmitz ("Schmitz") is allegedly a principal of Capital. According to Plaintiffs, Capital was able to provide the requisite drawings for the construction at a very low cost by

3

misappropriating Nova's designs and drawings. Grace then allegedly removed Nova from the City's file as the architect of record and Grace solicited Lyons Design Group Inc. ("Lyons Design"), which is allegedly controlled by Defendant Adam Lyons ("Lyons"), to modify Nova's architectural plans and drawings and submit them as the drawings of Lyons Design. Grace also allegedly hired Defendant Robert Walz ("Walz"), an engineer, to copy Nova's structural plans and drawings and submit them as his own. Walz then allegedly submitted the designs to the City in July 2007. Plaintiffs claim that Defendants all participated in the above scheme, which allowed Capital to underbid Annex for the construction contract, and Capital was subsequently awarded the construction contract for the Hotel.

Plaintiffs brought the instant action and include in their complaint copyright infringement claims brought against Grace, Capital, Schmitz, Bheda, Walz, Lyons Design, and Lyons under the Copyright Act, 17 U.S.C. § 101 *et seq.* (Count I), a claim seeking preliminary and permanent injunctive relief (Count II), a breach of contract claim brought against Grace based upon the obligations owed to Nova under the Agreement (Count III), a breach of contract claim brought against Grace based upon the obligations owed to Annex (Count IV), misappropriation claims brought against Grace, Walz, Lyons Design, and Capital (Count V), Illinois Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq.* claims brought against Grace, Lyons Design,

4

and Walz (Count VI), and tortious interference with prospective economic advantage claims brought against Capital, Schmitz, Walz, Lyons, and Lyons Design (Count VII). Plaintiffs have attached to the complaint a copy of a certificate of registration for Nova's copyright ("Nova Copyright") filed by Himanshu J. Modi ("Modi"). On September 30, 2008, we denied Defendants' motions to dismiss and on November 5, 2008, Grace Defendants filed an answer and counterclaim ("Counterclaim"). Plaintiffs now move to dismiss the Counterclaim.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). In order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High Sch.*, 144 F.3d 448, 454-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above

5

a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)). Under the current notice pleading standard in federal courts a plaintiff need not "plead facts that, if true, establish each element of a 'cause of action. . . .'" *See Sanjuan v. Amer. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later"). The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan*, 40 F.3d at 251; *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998)(stating that "[p]laintiffs need not plead facts or legal theories; it is enough to set out a claim for relief").

## DISCUSSION

Plaintiffs move to dismiss the Counterclaim brought by Grace Defendants arguing that the Counterclaim is unclear and poorly written. Plaintiffs also argue that the relief sought in the Counterclaim is improper and that the Counterclaim fails to state a valid cognizable claim. We note initially that Grace Defendants concede that the Counterclaim should be dismissed as to Annex at this juncture. (Ans. 2).

Therefore, we grant Plaintiffs' motion to dismiss the Counterclaim to the extent it is brought against Annex.

I. Lack of Clarity and Factual Detail

Plaintiffs argue that the court should dismiss the Counterclaim since it is not clearly pled and lacks factual details. We first note that to the extent that Plaintiffs contend that the Counterclaim is not entirely clear and Plaintiffs desire additional facts, the proper motion in which to seek such relief would be a motion for a more definite statement. *See Scott v. City of Chicago*, 195 F.3d 950, 952 (7th Cir. 1999)(stating that district courts should "keep the case moving, and if the claim is unclear, the court should require a plaintiff to prepare a more definite statement under Rule 12(e) instead of 'lavishing attention on the complaint until the plaintiff gets it just right'")(quoting in part *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998)). A more definite statement is not warranted in this case since, as explained further below, Grace Defendants have provided sufficient facts to put Plaintiffs on notice of the legal basis for the Counterclaim brought against Plaintiffs.

Plaintiffs also seek the dismissal of the Counterclaim, arguing that the Counterclaim is unclear "without any cognizable labels or theory. . . ." (Mem. Dis. 1). However, the Seventh Circuit has made it clear that under the federal notice

7

pleading standard, "a party need not plead specific facts" or " legal theories. . . ." *Massey v. Merrill Lynch & Co., Inc.*, 464 F.3d 642, 650 (7th Cir. 2006); *United States v. Northern Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004)(stating that "complaints need not plead facts or legal theories"). Thus, Plaintiffs' demand for neat labels explicitly identifying the cause of action supporting the Counterclaim is not consistent with the federal notice pleading standard. In addition, the factual specificity that Plaintiffs demand from Grace Defendants at the pleadings stage is not required under the notice pleading standard. *See Vincent v. City Colleges of Chicago*, 485 F.3d 919, 923 (7th Cir. 2007)(stating that "[f]actual detail comes later- perhaps in response to a motion for a more definite statement").

    Plaintiffs also seek the dismissal of the Counterclaim on the basis that Plaintiffs believe the Counterclaim is poorly written. Plaintiffs contend that the Counterclaim consists of a "collection of random, disjointed allegations" and is presented in an "exceedingly poor form." (Mem. Dis. 1-2). However, as indicated above, the test for the notice pleading standard is not whether the complaint is a well-written complaint and stylistically pleasing to the reader. *Cler v. Illinois Educ. Ass'n*, 423 F.3d 726, 730 (7th Cir. 2005)(stating that "neither absolute clarity nor proper attention to grammatical norms is a necessary prerequisite to surviving a Rule 12(b)(6) motion"). Thus, Plaintiffs' critique of the quality of the writing in the

Counterclaim is not a basis for the dismissal of the Counterclaim. Therefore, we decline to dismiss the Counterclaim based on a lack of clarity.

II. Relief Sought in Counterclaim

Plaintiffs argue that Grace Defendants are improperly seeking as relief in the Counterclaim the dismissal of Plaintiffs' complaint, attorneys' fees, and other relief. To the extent that Grace Defendants seek the dismissal of the instant action in their Counterclaim, such relief is clearly inappropriate. Grace Defendants have already moved to dismiss the claims brought by Plaintiffs and the motion to dismiss has already been denied. Therefore, we strike the request for the dismissal of Plaintiffs' complaint from the Counterclaim. In regard to the remaining relief sought in the Counterclaim, it is premature to address such matters at this juncture. Judicial economy will be better served if matters relating to relief are addressed only if Grace Defendants prevail on their Counterclaim. To the extent that Grace Defendants refer to preliminary injunctive relief in the Counterclaim, no motion for such relief is pending.

III. Stating a Valid Claim

Plaintiffs argue that Grace Defendants have failed to state a valid cognizable

claim in the Counterclaim. Plaintiffs assert that it is not appropriate for Grace Defendants to seek declaratory relief after this case has begun, but Plaintiffs fail to cite any controlling precedent that would absolutely bar Grace Defendants from pursuing such a claim. (Mem. Dis. 3). Plaintiffs also contend that Grace Defendants have not included sufficient facts in the Counterclaim. However, as indicated above, the factual detail desired by Plaintiffs is not required at the pleadings stage. *Vincent*, 485 F.3d at 923. We also note that, in fairness, Plaintiffs were the beneficiaries of the broad notice pleading standard when this court previously denied Defendants' motions to dismiss in this case.

To the extent that there is any uncertainty concerning the nature of the Counterclaim, Grace Defendants have provided further illumination of the claim. Grace Defendants contend that the Counterclaim is premised on the registration of the Nova Copyright by Modi as a derivative work in violation of 17 U.S.C. § 106(2) without the "permission of Grace," and Grace Defendants indicate that they have some ownership interest associated with the original work. (Ans. 2, 4, 5). To the extent that Plaintiffs seek to challenge Grace Defendants' ownership of the copyright in question or challenge the accuracy of other facts in the pleadings, a motion to dismiss is not the proper juncture to present such challenges. *Thompson*, 300 F.3d at 753.

Plaintiffs also present a variety of other arguments that are focused on the merits of the Counterclaim, arguing, for example, that one potential basis for the Counterclaim is "[e]qually meritless. . . ." (Mem. Dis. 4). Plaintiffs also take aim at some of Grace Defendants' arguments, referring to them as "absurd." (Reply 2). Such arguments concerning the merits of the Counterclaim are more appropriately raised at the summary judgment stage. Plaintiffs also present various cursory and undeveloped arguments such as that Grace Defendants lack standing to bring certain claims. However, such arguments delve beyond the pleadings and delve into matters such as the ownership of certain underlying copyrights in this case. In addition, to the extent that the Court could delve into certain contested issues such as standing, the parties are currently completing discovery. Thus, it is premature to address such matters at this juncture. Therefore, we conclude that Plaintiffs have not provided sufficient justification for their motion to dismiss and we deny Plaintiffs' motion to dismiss. We note, however, as indicated above, Plaintiffs are not precluded from pursuing arguments relating to the Counterclaim at the summary judgment stage.

## CONCLUSION

Based on the foregoing analysis, we grant Plaintiffs' motion to dismiss the Counterclaim to the extent that it is brought against Annex. We also strike the

request for relief in the Counterclaim seeking a dismissal of Plaintiffs' complaint. We deny the remainder of Plaintiffs' motion to dismiss the Counterclaim.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: March 25, 2009