IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NOVA DESIGN BUILD, INC., and ANNEX BUILDERS LLC, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No. 08 C 2855 |
| GRACE HOTELS, LLC et al., ) ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Nova Design Build, Inc.'s (Nova) and Plaintiff Annex Builders LLC's (Annex) partial motion for summary judgment on Count I of their amended complaint and on Count I of Defendant Grace Hotels, LLC's, Defendant Mukesh Bheda's, Defendant JS Capital Construction, Inc.'s, and Defendant Jeff Schmitz's (collectively referred to as "Grace Defendants") counterclaim. This matter is also before the court on Grace Defendants' motion for summary judgment. For the reasons stated below, we grant Grace Defendants' motion for summary judgment on the claims in Count I and deny Plaintiffs' motion for summary judgment on such claims. We also grant Grace Defendants' motion for

1

summary judgment on the claim in Count I of its counterclaim and deny Plaintiffs' motion for summary judgment on such claim. We also deny without prejudice Grace Defendants' motion for summary judgment on the state law claims and dismiss such claims without prejudice.

## BACKGROUND

Plaintiffs allege that Nova is a company that provides architectural and engineering services. Annex is allegedly an affiliate of Nova that offers construction services to Nova's clients. In March 2006, Defendant Grace Hotels, LLC (Grace) allegedly contacted Nova and invited Nova to make a proposal concerning the design and construction of a Holiday Inn Express (Hotel) in Waukegan, Illinois (Project). Defendant Mukesh Bheda (Bheda) is allegedly a member and manager of Grace. Plaintiffs claim that Grace provided Nova with a generic prototype of the design for the Project. Nova then allegedly submitted a proposal for the Project and Grace orally promised that Annex would be awarded the construction contract for the Project. After revisions of Nova's proposal, the parties allegedly entered into an agreement concerning Nova's services on the Project (Agreement). The Agreement allegedly provided that Nova's designs and drawings would remain the property of Nova.

Plaintiffs allege that Grace requested additional work from Nova not contemplated in the Agreement and certain revisions in the Project design. Nova allegedly completed the necessary designs and drawings (Nova's designs and drawings), and in June 2006, they were submitted to the City of Waukegan (City) to obtain the necessary permits. Nova's designs and drawings allegedly all bore a statement indicating that they were the exclusive property of Nova.

According to Plaintiffs, after the submission, Grace removed Nova from the City's contact list on matters concerning permits for the Project. The City allegedly requested revisions in the design of the Project and Nova was allegedly only able to respond to the requests after Grace forwarded the City's requests. In September 2006, Annex allegedly submitted a bid to build the Hotel. Grace allegedly advised Nova that Grace would seek competitive bids and Grace refused to give Annex the opportunity to meet lower bids. Plaintiffs assert that, under the terms of the Agreement, the failure by the parties to reach an accord concerning a construction contract for the Project released Nova from any further design obligations. Nova allegedly requested payment at that juncture, and Grace refused to pay Nova. Nova allegedly then indicated that it would not provide any further services to Grace, and Grace allegedly threatened to withhold all payments owed to Nova if Nova did not agree to reduce the payment amount. Plaintiffs allege that Nova was ultimately

forced to accept $18,000 for the $28,000 that Grace owed to Nova.

In October 2006, the City allegedly issued a construction permit based upon Nova's designs and drawings. Defendant Capital Construction LLC (Capital) then allegedly submitted a bid for the construction of the Hotel. Defendant Jeff Schmitz (Schmitz) is allegedly a principal of Capital. According to Plaintiffs, Capital was able to provide the requisite drawings for the construction at a very low cost by allegedly misappropriating Nova's designs and drawings. Grace then allegedly removed Nova as the architect of record from the City's file, and Grace solicited Defendant Lyons Design Group Inc. (Lyons Design), which is allegedly controlled by Defendant Adam Lyons (Lyons), and Defendant Infuz Ltd. (Infuz), which is allegedly controlled by Defendant Vincent Cataldo (Cataldo), to modify Nova's architectural plans and drawings and submit the drawings for the Project. Grace also allegedly hired Defendant Robert Walz (Walz), an engineer, to copy Nova's structural plans and drawings and submit them as his own. Walz then allegedly submitted the designs to the City in July 2007. Plaintiffs claim that Defendants all participated in the above scheme, which allowed Capital to underbid Annex for the construction contract, and that Capital was subsequently awarded the construction contract for the Hotel.

Plaintiffs brought the instant action and include in their amended complaint

federal copyright infringement claims brought against all Defendants under the Copyright Act, 17 U.S.C. § 101 *et seq.* (Count I), breach of contract claims brought against Grace (Counts II and III), misapporiation claims brought against Grace, Waltz, Lyons Design, Infuz, and Capital (Count IV), Illinois Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq.*, claims brought against Grace, Lyons Design, Infuz, and Walz (Count V), and tortious interference with prospective economic advantage claims brought against Capital, Schmitz, Walz, Lyons, and Lyons Design, Infuz, and Cataldo (Count VI). Grace Defendants brought the amended counterclaim against Plaintiffs and Himanshu J. Modi (Modi), the principal of Nova, which includes claims seeking a copyright declaration (Count I), and a claim seeking to have Nova declared to be Modi's alter ego (Count II).

Plaintiffs have voluntarily dismissed all claims brought against Lyons Design, Lyons, and Walz. On March 25, 2009, we granted Plaintiffs' motion to dismiss the counterclaim to the extent that it was brought against Annex. On September 29, 2009, we granted Infuz's and Cataldo's motion to dismiss the claims brought against them. Plaintiffs now move for partial summary judgment on Count I of the amended complaint and Count I of the counterclaim, and the remaining Grace Defendants move for summary judgment on all claims in the amended complaint and the counterclaim.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In seeking a grant of summary judgment, the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)(quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case." *Id.* at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). The court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences that favor the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000). When there are cross-motions for summary judgment the court must draw inferences "in favor of the party against whom the motion under consideration was made." *McKinney v. Cadleway Properties, Inc.*, 548 F.3d 496, 500 (7th Cir. 2008).

## DISCUSSION

I.  Copyright Infringement Claims (Count I)

Plaintiffs move for summary judgment on the copyright infringement claims (Count I) and Count I of Grace Defendants' counterclaim seeking a copyright invalidity declaration. Grace Defendants move for summary judgment on the same claims. In order for a work to be copyrightable, "the work must be original to the author." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 346 (1991). Originality in the copyright context "means only that the work was independently created by the author . . . and that it possesses at least some minimal degree of

creativity." *Schrock v. Learning Curve Intern., Inc.*, 586 F.3d 513, 517 (7th Cir. 2009)(quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). In addition, "the requisite level of creativity is extremely low; even a slight amount will suffice." *Id.* Pursuant to 17 U.S.C. § 106, "the owner of [a] copyright . . . has the exclusive rights to do and to authorize" actions such as "to reproduce the copyrighted work in copies . . . ." *Id.* For a copyright infringement claim, a plaintiff generally must establish: "'(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *Schrock*, 586 F.3d at 517 (quoting *Feist Publ'ns, Inc*, 499 U.S. at 361)(stating in addition that "[i]n this circuit, copyrightability is an issue of law for the court"). It is undisputed that the United States Copyright Office issued the certificate VA1627430 to Nova, registering drawings of the Project that were submitted by Modi, with an effective date of September 28, 2007. (R PSF Par. 75). The registration of a copyright is "*prima facie* evidence of its validity. . . ." *Schrock*, 586 F.3d at 523 (quoting *JCW Invs., Inc. v. Novelty, Inc.,* 482 F.3d 910, 915 (7th Cir. 2007))(internal quotations omitted).

Grace Defendants argue that Nova's copyright is invalid because Nova did not deposit an original of the design and drawings for its copyright registration of Nova's designs and drawings. (D SJ Mem. 12). A copyright registration for "an unpublished work" must include a deposit of "one complete copy" of the work. 17

U.S.C. § 408(b). Plaintiffs admit that the originals for Nova's designs and drawings were lost or destroyed when Nova's office computers and on-site backup server on which the documents had been saved were stolen during a break-in in June 2006. (R DSF Par. 43). It is also undisputed that when Nova applied for the copyright that is the subject of this action, the deposit copy was a reconstruction of the original Nova drawings and designs. (R SF Par. 44). Plaintiffs contend Nova restored the CAD files from discs obtained from consulting engineers that had been provided CAD drawings, and that Nova used hard copies of the drawings to check the restored CAD files. (P SAF Par. 9). Plaintiffs argue that their reconstruction of the designs and drawings should be deemed to be the functional equivalent of their original works and rely on *Coles v. Wonder*, 283 F.3d 798 (6th Cir. 2002), for the proposition that they complied with the copyright deposit requirement. (P Reply 12). However, Grace Defendants also cite *Coles*, (Ans. P SJ 5), and *Coles* supports Grace Defendants' position rather than Plaintiffs' position.

In *Coles*, the court noted that a copyright registration must include "the bona fide copies of an original work." *Id.* at 801. The court in *Coles* quoted from *Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209 (9th Cir. 1998), noting that "'[w]hile it may be possible for an artist to accurately reproduce his or her previous work from memory, for the purpose of certainty in obtaining copyright registration, such

reproductions are simply insufficient.'" *Id.* at 802. The court in *Coles* did note, as Plaintiffs in this case propose, that the deposit copy must be "virtually identical to the original. . . ." *Id.* However, the court also noted that the deposit copy "'must have been produced by directly referring to the original'" or from a bona fide copy. *Id.* The court noted, for example, that a photocopy of the original would suffice for the deposit or even a "'meticulous freehand redrawing of an original, made while the artist referred directly to the original, could suffice.'" *Id.*

In the instant action, it is undisputed that Nova no longer possessed the original designs and drawings and thus was unable to refer to such original designs and drawings when making the reconstruction of its deposit copy. In *Coles*, the court rejected the plaintiff's argument, which is basically the same argument made by Plaintiffs in this case, that "virtually identical" reconstructed copies would suffice. *Id.* at 801-02. The court held that the reconstructed version could not satisfy the deposit requirement because the plaintiffs "did not refer to the original work in producing the" reconstruction. *Id.* Similarly, in the instant action, Plaintiffs admit that they did not refer to the original work when making the reconstruction and Plaintiffs' contention that the reconstruction is virtually identical is not sufficient. Plaintiffs contend that they were able to piece together a reconstructed version from several sources, and that Plaintiffs manually checked them against the original set of

blue prints to try to make sure that the reconstruction matched what Plaintiffs believed the original to be. (P Reply 12); (Modi Aff. Par. 12-15). Plaintiffs do not point to any evidence that shows that they were able to recover all of the exact information from the originals without referring to their recollection, at least in part. Such a process of manual reconstruction from various separate sources in the absence of the original work will not suffice. *See, e.g., Tavory v. NTP, Inc.*, 495 F. Supp.2d 531, 536 (E.D. Va. 2007)(stating that "[t]he Copyright Act does not countenance the validity of any deposit copy that was made with even the slightest reference to recollection"). Nor have Plaintiffs pointed to evidence that shows they copied from a complete bona fide copy. While we do not dispute Plaintiffs' intention to recreate the design and drawings as exactly as possible, that does not meet the deposit requirement. The court in *Coles* noted that the rule is hyper-technical and may seem harsh, but explained that there are policy reasons relating to such a rule for copyright deposits. 283 F.3d at 802. We also note that other rulings have likewise concluded that a reconstruction of an original will not satisfy the deposit requirement. *See, e.g., Torres-Negron v. J & N Records, LLC*, 504 F.3d 151, 157 (1st Cir. 2007); *Kodadek*, 152 F.3d at 1211 (9th Cir. 1998)(indicating that "reconstructions" are not the same thing as "bona fide copies"); *Pegasus Imaging Corp. v. Allscripts Healthcare Solutions, Inc.*, 2010 WL 497720, at *8 (M.D. Fla.

2010)(stating that "'[c]opies' as used in Section 408 does not mean later reconstructions of the original"). Grace Defendants have pointed to sufficient undisputed facts for a finding in their favor, as a matter of law, on the copyright infringement claims, even when considering the presumption in favor of validity. Therefore, we grant Grace Defendants' motion for summary judgment on the copyright infringement claims (Count I) and deny Plaintiffs' motion for summary judgment on such claims.

Grace Defendants also seek in their counterclaim a declaration that Nova's copyrights over Nova's designs and drawings and an earlier architectural work are invalid. We have found as a matter of law that the copyright pertaining to Nova's designs and drawings is invalid and the prior architectural work copyright is not material in this case. Therefore, we grant Grace Defendants' motion for summary judgment on Count I of their counterclaim to the extent that it relates to Nova's designs and drawings, and deny Plaintiffs' motion for summary judgment as to such claims.

III.  Remaining State Law Claims

Having resolved the federal claims in this case, we must determine whether to continue to exercise supplemental jurisdiction over the remaining state claims. Once

the federal claims in an action no longer remain, a federal court has discretion to decline to exercise supplemental jurisdiction over any remaining state law claims. *See Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1252 (7th Cir. 1994)(stating that "the general rule is that, when all federal-law claims are dismissed before trial," the pendent claims should be left to the state courts). The Seventh Circuit has stated that there is no "'presumption' in favor of relinquishing supplemental jurisdiction. . . ." *Williams Electronics Games, Inc. v. Garrity*, 479 F.3d 904, 906-07 (7th Cir. 2007). The Seventh Circuit has stated that, in exercising that discretion, the court should consider a number of factors, including "the nature of the state law claims at issue, their ease of resolution, and the actual, and avoidable, expenditure of judicial resources. . . ." *Timm v. Mead Corp.*, 32 F.3d 273, 277 (7th Cir. 1994). We have considered all of the pertinent factors and, as a matter of discretion, we decline to exercise supplemental jurisdiction over the remaining state law claims, and we dismiss without prejudice such claims. Therefore, Grace Defendants' motion for summary judgment on such claims is denied without prejudice.

## CONCLUSION

Based on the foregoing analysis, we grant Grace Defendants' motion for summary judgment on the copyright infringement claims (Count I) and deny

Plaintiffs' motion for summary judgment on such claims.  We also grant Grace Defendants' motion for summary judgment on Count I of their counterclaim to the extent that it relates to Nova's designs and drawings and deny Plaintiffs' motion for summary judgment as to such claims.  We also dismiss all state law claims without prejudice.

                                               _____
                                               Samuel Der-Yeghiayan
                                               United States District Court Judge

Dated:   February 26, 2010