IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NOVA DESIGN BUILD, INC. and )
ANNEX BUILDERS LLC, )
 )
      Plaintiffs, )
 )
  v. )   No. 08 C 2855
 )
GRACE HOTELS, LLC, et al., )
 )
      Defendants. )

# MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Grace Hotels, LLC's, Defendant Mukesh Bheda's, Defendant JS Capital Construction, Inc.'s and Defendant Jeff Schmitz's (collectively referred to as "Grace Defendants") bill of costs and on Grace Defendants' motion for attorneys' fees. For the reasons stated below, we grant the request for costs and deny the motion for attorneys' fees without prejudice.

# BACKGROUND

On February 26, 2010, we granted Grace Defendants' motion for summary judgment on Plaintiffs' copyright infringement claims (Count I), and we granted

Grace Defendants' motion for summary judgment on the copyright declaration claims in the counterclaim (Count I). We also declined to exercise supplemental jurisdiction over the remaining state law claims and terminated the action. Grace Defendants now seek costs and attorneys' fees.

**DISCUSSION**

Plaintiffs contend that Grace Defendants are not prevailing parties in this case, and thus are not entitled to costs or attorneys' fees. Determining whether a party has a prevailing party status when seeking attorneys' fees under 17 U.S.C. § 505 or whether a party is a prevailing party under Federal Rule of Civil Procedure 54(d) (Rule 54(d)) are separate issues and the court will address each separately. *See, e.g., Hastert v. Illinois State Bd. of Election Com'rs*, 28 F.3d 1430, 1438 (7th Cir. 1993)(indicating that an attorneys' fee award and a costs award under Rule 54(d) are not automatically treated the same); *See also, e.g., Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598, 603 (2001)(referring to prevailing on the merits for attorneys' fees recovery); *Citizens for a Better Environment v. Steel Co.*, 230 F.3d 923, 930 (7th Cir. 2000)(stating that "a court may lack authority to resolve the merits of a claim yet have jurisdiction to award costs and attorneys' fees to the prevailing party").

2

I. Taxable Costs

Grace Defendants request $2,534.70 in taxable costs relating to court reporter fees. Rule 54(d) provides that the prevailing party shall be allowed to recover costs other than attorneys' fees as a matter of course, unless a statute or other rule states otherwise or the court specifically disallows such costs. Fed. R. Civ. P. 54(d); *see also* 28 U.S.C. § 1920 (setting forth costs that are generally recoverable). The Seventh Circuit has made it clear that in reviewing a bill of costs, the district court should keep in mind that "[t]here is a presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005). In addition to making sure that the requested costs are recoverable, a district court must also ensure that the costs are "reasonable and necessary to the litigation . . . ." *Little v. Mitsubishi Motors North America, Inc.*, 514 F.3d 699, 702 (7th Cir. 2008); *see also Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000)(referring to recoverable and reasonable considerations and to the "heavy presumption in favor of awarding costs").

Plaintiffs contend that Grace Defendants prevailed on jurisdictional grounds rather than on a decision on the merits, and thus they are not prevailing parties. The Seventh Circuit has indicated that, in regard to an award of costs under Rule 54(d),

"success on a fundamental jurisdictional point can make a litigant a 'prevailing party.'" *Citizens for a Better Environment v. Steel Co.*, 230 F.3d 923, 930 (7th Cir. 2000)(stating that "when a dismissal for want of jurisdiction forecloses the plaintiff's claim, the defendant is the 'prevailing party'"); *see also, e.g., St. John Health System, Inc. v. Cohen*, 2010 WL 1727971, at *6 (N.D. Okla. 2010)(stating that "a defendant is a 'prevailing party' under Rule 54(d) if a plaintiff's claim is dismissed for lack of subject matter jurisdiction"). The court ruled in favor of Grace Defendants and effectively foreclosed Plaintiffs from bringing a new action on the copyright claims. *Citizens*, 230 F.3d at 930. Grace Defendants obtained more than just a moral victory on a minor jurisdictional point. Thus, Grace Defendants are prevailing parties for the purpose of recovering costs under Rule 54(d). Grace Defendants have shown that the requested costs are recoverable and reasonable and have provided sufficient documentation to support the requested costs. Therefore, we award Grace Defendants $2,534.70 in costs.

II. Attorneys' Fees

Grace Defendants request an award of $482,930.00 in attorneys' fees and related non-taxable costs pursuant to 17 U.S.C. § 505. Pursuant to 17 U.S.C. § 505, in a civil copyright action, "the court may . . . award a reasonable attorney's fee to

4

the prevailing party as part of the costs." *Id.*

A. Prevailing Party Status

Plaintiffs argue that Grace Defendants are not prevailing parties, for the purposes of an attorneys' fee award, since Grace Defendants did not prevail on the merits, but instead on jurisdictional grounds. The Seventh Circuit has pointed out that the "Supreme Court has adopted a generous formulation of the term prevailing party; . . . parties are said to have prevailed in litigation for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *King v. Illinois State Bd. of Elections*, 410 F.3d 404, 411 (7th Cir. 2005). The Seventh Circuit has indicated that "[a]t a minimum, to be considered a prevailing party . . . [a party] must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant." *Id.* (internal quotations omitted)(quoting in part *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983)).

In the instant action, Grace Defendants opposed Plaintiffs' claims in this case from the beginning of the case, expended resources pursuing a defense, and obtained a termination of the case by the court in their favor. We dismissed the instant action based on the fact that Plaintiffs did not deposit an original of the design and

5

drawings for their copyright registration, and thus Plaintiffs failed to present a valid copyright registration, which is a prerequisite to bringing a copyright infringement claim. (2/26/10 MO 8-11). Plaintiffs contend that they are not foreclosed from procuring a proper registration and refiling an action against Grace Defendants. (Ans. 5-6 n.3). However, in ruling in Grace Defendants' favor, we agreed with Grace Defendants that the undisputed facts showed that Plaintiffs' original drawings had been stolen and were irrevocably lost and that Plaintiffs lacked any reliable backup information to properly reconstruct their designs. The Seventh Circuit has indicated that "a dismissal with prejudice makes the defendant the prevailing party for purposes of an award of attorney's fees under § 505." *Mostly Memories, Inc. v. For Your Ease Only, Inc.*, 526 F.3d 1093, 1099 (7th Cir. 2008). Based on the undisputed facts, the court ruled in Grace Defendants' favor and effectively "foreclose[d]" Plaintiffs from bringing a new action. *Citizens*, 230 F.3d at 930 (stating that "when a dismissal for want of jurisdiction forecloses the plaintiff's claim, the defendant is the 'prevailing party'"). Grace Defendants were awarded more than merely a temporary or moral victory with the termination of the instant action. *See, e.g., Petersen v. Gibson*, 372 F.3d 862, 865 (7th Cir. 2004)(explaining that declaratory relief may not confer prevailing party status and "[t]he mere moral satisfaction of being wronged is insufficient to trigger prevailing party status").

6

Thus, Grace Defendants are prevailing parties for the purpose of the attorneys' fees award.

### B. Good Faith/Non-Frivolous Basis

Plaintiffs argue that the fees and non-taxible costs requested by Grace Defendants are not all recoverable and are excessive. Plaintiffs contend that the court should not award fees because "there was nothing factually or legally meritless about the copyright at issue." (Ans. 8). However, the application of a good faith/non-frivolous standard for awarding attorneys' fees to defendants, such as the one used in employment discrimination cases, has been rejected in copyright cases. *Eagle Services Corp. v. H2O Industrial Services, Inc.*, 532 F.3d 620, 624 (7th Cir. 2008); *see also Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 527 (1994)(explaining why there is not a good faith/non-frivolous standard for awarding attorneys' fees in a copyright case). When a defendant prevails in a copyright case, "the presumption in favor of awarding fees is very strong." *Eagle*, 532 F.3d at 624 (internal quotations omitted)(quoting *Assessment Technologies of WI, LLC v. WIREdata, Inc.,* 361 F.3d 434, 437 (7th Cir. 2004)). Thus, it would not be proper to apply a good faith/non-frivolous standard in this case.

C. Reasonableness of Fees, Identification, and Documentation

Plaintiffs contend that the fees requested by Grace Defendants are grossly excessive and that Grace Defendants have not properly identified the fees at issue or supported their request for fees. We agree. Grace Defendants have failed to justify the $482,930.00 in attorneys' fees for this case, which did not proceed to trial. Based on the court's knowledge of this case, the amount sought by Grace Defendants is clearly excessive. Plaintiffs also correctly point out that Grace Defendants improperly compare their fees to those incurred by Defendant Adam Lyons and Defendant Lyons Design Group (Lyons Defendants). (Fee Decl. 12). The amount of fees incurred by Lyons Defendants does not establish that the amounts sought by Grace Defendants for their defense are reasonable. Also, although Grace Defendants point to a series of documents including old fee petitions from other cases and surveys, such documents do not establish the reasonableness of their costs in this particular case. (Fee Decl. 11-12). Grace Defendants also fail to clearly differentiate in their documents between the fees associated with the copyright issues on which they actually prevailed and the issues in the other counts that were not resolved. Grace Defendants only prevailed in this case on Count I of the amended complaint and the other claims were dismissed without prejudice. *See Farrar v. Hobby*, 506 U.S. 103, 115 (1992)(stating that "'the most critical factor' in

determining the reasonableness of a fee award 'is the degree of success obtained'")(quoting *Hensley v. Eckerhart*, 461 U.S. 424 (1983)).

Defendants also improperly seek to recover fees incurred for case number 07 C 6369, which was a prior case filed by Plaintiffs against Grace Defendants. (Fee Decl. 3, 3 n.1). However, the instant action is a separate and distinct action from case number 07 C 6369, which was terminated on May 15, 2010. The instant action was a newly filed action on May 16, 2008. Solely before the court are the appropriate fees for the prevailing party in this case. Grace Defendants fail to properly delineate fees relating to case number 07 C 6369 and the instant action in their fee declaration. The court will not speculate as to the appropriate fees and Grace Defendants have not met their burden to show that the requested amount is reasonable and recoverable. Grace Defendants have failed to present their fees request in a manner that would enable the court to efficiently assess the appropriate amount of fees. Therefore, we deny without prejudice the motion for attorneys' fees. Grace Defendants may submit a new motion for attorneys' fees relating to work done in this case (08 C 2855) and relating to work on the claims that Grace Defendants prevailed upon. Grace Defendants are given until June 28, 2010, to file a motion for attorneys' fees consistent with this opinion. Plaintiffs are given until July 19, 2010, to file an answer, and Grace Defendants are given until August 2,

2010, to file a reply.

We also note that Plaintiffs argue that a stay of "the execution of any sizable" attorneys' fee award would be appropriate until the appeal is resolved in this case, because such an award "would put [Plaintiff Nova Design Build, Inc.] out of business." (Ans. Fee 14). However, since the court has denied the request for attorneys' fees, the request for a stay is moot.

## CONCLUSION

Based on the foregoing analysis, we grant Grace Defendants' request for $2,534.70 in costs and we deny Grace Defendants' motion for attorneys' fees without prejudice.

                                  _____
                                  Samuel Der-Yeghiayan
                                  United States District Court Judge

Dated: June 8, 2010